IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **PATRICK SMITH,** | ) | **CASE NO. 4:09CV3257** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **NEBRASKA STATE PENITENTIARY,** | ) | |
| **DR. CASEBOLT, DENNIS** | ) | |
| **BAKEWELL, Warden, and ROBERT** | ) | |
| **P. HOUSTON, Director,** | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint on December 18, 2009. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

**I.   SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on December 18, 2009, against the Nebraska State Penitentiary ("NSP") and three individuals: Dr. Casebolt, NSP Warden Dennis Bakewell and NSP Director Robert Houston. (Filing No. 1 at CM/ECF p. 1.) Condensed and summarized, Plaintiff alleges that Casebolt violated his constitutional right to privacy by speaking about Plaintiff's medical conditions without his authorization. (*Id*. at CM/ECF pp. 1, 3.) Plaintiff seeks monetary compensation in the amount of $300,000.00. (*Id.* at CM/ECF p. 5.)

**II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW**

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to

determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

    A.    *Sovereign Immunity*

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any

2

award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.,* Dover Elevator Co., 64 F.3d at 444; Nevels v. Hanlon, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity.

Where a plaintiff does not specify the capacity in which a defendant is sued, it is presumed that a defendant is sued in his official capacity only. *See, e.g.,* Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) ("This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). In addition, a claim against an individual, in his official capacity, is in reality a claim against the entity which employs the official. *See* Parrish v. Luckie, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. . . . A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity. . . . Therefore, the appellants in this case will collectively be referred to as the City.") (quotations omitted). *Accord* Eagle v. Morgan, 88 F.3d 620, 629 n.5 (8th Cir. 1996) ("'[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.'") (quoting Kentucky v. Graham, 473 U.S. 159, 165 (1985)). As such, damages claims against individual state employees acting in their official capacities are also barred

3

by the Eleventh Amendment. *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997).

Here, Plaintiff sues NSP, a state instrumentality, and state employees Bakewell and Houston. (Filing No. 1 at CM/ECF p. 1.) Because Plaintiff does not specify the capacity in which he sues Bakewell and Houston, the court assumes they are sued in their official capacities only. Moreover, Plaintiff only seeks monetary relief. (*Id*. at CM/ECF p. 30.)

As discussed above, Plaintiff may not sue a state instrumentality or a state employee in their official-capacity for monetary relief absent a waiver of immunity by the state or an override of immunity by Congress. There is no indication that the state waived or Congress overrode immunity here. Accordingly, NSP, Bakewell and Houston are entitled to sovereign immunity and Plaintiff's claims against must be dismissed.

> B.  *Plaintiff's Claims Against Casebolt*

The court liberally construes Plaintiff's Complaint to allege that Casebolt violated his constitutional privacy rights by disclosing confidential medical information. The Second and Third circuits have both held that prisoners have a limited right to privacy in their medical information. *See Doe v. Delie*, 257 F.3d 309, 315-16 (3d Cir. 2001); *Powell v. Schriver,* 175 F.3d 107, 112 (2d Cir. 1999) (concluding that a gratuitous disclosure of an inmate's confidential medical information as humor or gossip is not reasonably related to a legitimate penological interest, and it therefore violates the inmate's constitutional right to privacy). However, the issue appears to be undecided in other circuits. *See, e.g., Simpson v. Joseph*, No. 06-C-200, 2007 WL 433097, at *34-35 (D. Wisc. Feb. 5, 2007) (noting that whether prisoners have privacy rights in their prison medical records is an open question in the Seventh Circuit).

Although the Eighth Circuit has yet to decide the issue, a recent unpublished decision from the Western District of Arkansas recognized that prisoners have a limited constitutional right to privacy in their medical information. *Richey v. Ferguson*, Civ. No. 05-5162, 2007 WL 710129, at *22 (W.D. Ark. Mar. 6, 2007). Assuming, arguendo, that such a right exists, it may be impinged upon by prison officials if the official's action was "reasonably related to penological interests." *Powell*, 175 F.3d at 112; *see also Turner v. Safley*, 482 U.S. 78, 89 (1987). Moreover, "[p]risoners cannot enjoy greater privacy protection than individuals in free society, and some amount of sharing of medical information in areas where it might be overheard by other patients—e.g., in hospital emergency rooms, school infirmaries, and the waiting room of a doctor's office—is commonplace." *Franklin v. McCaughtry*, 110 Fed. Appx, 715, 719 (7th Cir. 2004) (citations omitted).

Here, Plaintiff does not specify what confidential medical information Casebolt disclosed, nor does he allege that the disclosure was unrelated to a penological interest. In addition, he specifically states that the disclosure occurred while he was a patient in "hospital room #7" at NSP. (Filing No. 1 at CM/ECF p. 1.) As the Seventh Circuit noted in *Franklin*, the sharing of medical information is such a location is "commonplace." 110 Fed. Appx, at 719. In light of these findings, the court concludes that Plaintiff has failed to allege sufficient facts to state a constitutional privacy claim upon which relief may be granted. Accordingly, Plaintiff's federal claims against Casebolt must be dismissed.

*C.     State Law Claims*

Although Plaintiff's allegations do not establish a federal claim against Casebolt, liberally construed, they might be enough to establish a state law claim.[1] The court declines to exercise supplemental jurisdiction over such a claim because it has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). However, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in the proper forum.

IT IS THEREFORE ORDERED that:

1.     Plaintiff's Complaint (Filing No. 1) is dismissed without prejudice; and

2.     A separate Judgment will be entered in accordance with this Memorandum and Order.

DATED this 3rd day of March, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

[1] In fact, Plaintiff specifically alleges that Casebolt violated his right to confidentiality under Nebraska law. (Filing No. 1 at CM/ECF pp. 1-4.)

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.